UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IRIS LEONOR COTTO,**

      **Plaintiff,**

v.                                           Case No:   6:14-cv-1913-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Iris Leonor Cotto (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income. Doc. No. 1. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) not adequately accounting for her moderate limitations in concentration, persistence and pace in his residual functional capacity ("RFC") determination and hypothetical to the vocational expert ("VE"); and 2) failing to discuss or weigh Dr. Gopal Basisht's opinion. Doc. No. 17 at 18-20, 24-27. Claimant argues the matter should be reversed and remanded for further proceedings. *Id*. at 35. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

I.   **STANDARD OF REVIEW**.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.  ANALYSIS.

### A.  The ALJ's RFC and Hypothetical to VE.

Claimant maintains, albeit in a generalized fashion, the ALJ's RFC determination and hypothetical to the VE do not contain all of her limitations.  Doc. No. 17 at 24 (citing *Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002)).[1]  Specifically, Claimant argues the ALJ's RFC determination and hypothetical to the VE did not adequately reflect her moderate limitations in maintaining concentration, persistence and pace, and thus his decision was not supported by substantial evidence.  *Id*. at 24-27.  In so arguing, the Court must determine whether the ALJ's RFC determination is consistent with his hypothetical to the VE in order to conclude the ALJ's decision is supported by substantial evidence.  As discussed below and notwithstanding

---

[1] The Court routinely rejects such generalized arguments, but, in this instance, finds Claimant's generalized argument contains a kernel of merit that is not otherwise apparent in the way she presents her argument, which, as discussed below, necessitates reversal of this matter.

Claimant's argument concerning her limitations in maintaining concentration, persistence and pace, the Court finds the ALJ's hypothetical question is not consistent with the ALJ's RFC determination.

At step five of the sequential evaluation process, the ALJ uses the claimant's RFC, age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239. The Commissioner bears the burden at step five to show the existence of such jobs. *Id*. at 1241 n.10 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996)). One of the methods used to show the claimant can perform other jobs in the national economy is through the testimony of a VE. *Id*. at 1239-40. If the ALJ relies on a VE, he or she must pose hypothetical questions which are accurate and which include all of a claimant's limitations. *Wilson*, 284 F.3d at 1227. However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). If the ALJ relies on the VE's testimony to find a claimant can perform other jobs in the national economy, but fails to include all the claimant's limitations in the hypothetical question, then the final decision is not supported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985) (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).[2]

At step two of the sequential evaluation process, the ALJ found Claimant suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spines;

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

carpal tunnel syndrome; adjustment disorder; and panic disorder without agoraphobia.  R. 16.  At step four of the sequential evaluation process, the ALJ determined Claimant has a RFC to perform "light work" as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following functional limitations:

> [Claimant] must have a 30 minute sit/stand option.  The claimant can occasionally perform postural activities (climb, balance, stoop, kneel, crouch and crawl).  She cannot perform any overhead reaching. The claimant may frequently handle and finger bilaterally.  She should have no concentrated exposure to vibrations. The claimant is limited to simple, routine and repetitive tasks. <u>She can relate adequately to co-workers and supervisors but should have only occasional contact with the public.   Changes in the workplace should be infrequent and gradually introduced</u>.

R. 18 (emphasis added).  During the hearing, the ALJ posed a hypothetical question to the VE that contained all of the limitations in the ALJ's RFC with the exception of the following limitations: 1) occasional contact with the public; and 2) gradual introduction of changes in the workplace.  *Compare* R. 18 *with* R. 68-69.[3]  Based on the incomplete hypothetical, the VE testified Claimant could still perform other work in the national economy, and the ALJ subsequently relied on the VE's testimony in determining Claimant is not disabled.  R. 24, 70.  It is unclear what effect the omission of the two limitations above would have on the VE's testimony, therefore the Court cannot conclude that the error is harmless.  Accordingly, the Court finds the ALJ's decision is not supported by substantial evidence.[4]

---

[3] The Court recognizes the possibility that the inconsistency between the ALJ's RFC determination and his hypothetical to the VE may be caused by the inaudible portions of the transcript.  It is also possible, the ALJ did not include the limitations at issue in his hypothetical to the VE.  Whatever the case may be, the Court must determine whether the ALJ's decision is supported by substantial evidence based on the record before it, *see Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984), and on this record it cannot.   Therefore, the matter must be reversed and remanded for further proceedings.

[4] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

### III.    CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and[5]

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on December 31, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Gregory J. Froehlich
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Building, Suite 400
8880 Freedom Crossing Trl.
Jacksonville, FL 32256-1224

---

[5] The Court has considered whether this matter should be reversed pursuant to sentence six.  According to the United States Supreme Court, "Sentence Six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  *Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2 (1993).  Neither situation is present here, thus reversal pursuant to sentence four is appropriate.